# Bayliss v. Hough, Appellant (No. 1).

*Contract—Sales—Affidavit of defense—Royalties.*

1. In an action to recover royalties under a continuing contract to sell a patented article, an affidavit of defense averring that there had been omitted from the contract by mistake a provision for its termination in a particular manner, is insufficient, if it does not also aver that the defendant had endeavored to terminate the contract in the manner provided for in the clause alleged to have been omitted from the agreement by mistake.

2. Where in such a case the contract provides that a certain number of the patented articles should be sold per annum on a royalty of twenty per cent of the selling price to wholesalers, and twenty-five per cent to retailers, the court commits no error in entering judgment for plaintiff for twenty per cent of the lowest schedule price to dealers for the whole number of articles stipulated to be sold in one year, if it appears that no articles had in fact been sold.

Argued April 14, 1909. Appeal, No. 67, April T., 1909, by defendant, from order of C. P. Venango Co., Nov. T., 1907, No. 52, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Bayliss et al. v. Charles N. Hough, trading as the Charles N. Hough Manufacturing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover royalties.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

P. M. *Speer* and A. R. *Osmer*, with them J. H. *Osmer* and N. F. *Osmer*, for appellant, cited: Capital City Mut. Fire Ins. Co. v. Boggs, 172 Pa. 91; Kenderdine Hydro-Carbon Fuel Co. v. Plumb, 182 Pa. 463; Winston Cigarette Machine Co. v. Wells-Whitehead Tobacco Co., 141 N. C. 284 (53 S. E. Repr. 885).

*Samuel Grumbine*, for appellees, cited: Beecher v. Stein, 139 Pa. 570; Johnston v. Cowan, 59 Pa. 275; Ryon v. Starr, 214 Pa. 310.

OPINION BY HEAD, J., March 3, 1910:

The plaintiffs in this action seek to recover certain moneys alleged to be due them under the terms of a written agreement, a copy of which is attached to their statement. It therein appears that the defendants secured from the plaintiffs the exclusive right to manufacture and sell a patented mechanical device or "useful improvement in Crumbie tongs," supposed to be of value to oil drillers. In consideration of such right the defendants expressly undertook to perform three distinct covenants, viz.:

(*a*) To sell the first year "at least 750 tongs; second year 1,500 tongs; third and each subsequent year 2,000 per annum."

(*b*) To sell the tongs according to a schedule of prices set forth in the agreement specifying the various sizes and covering sales either at wholesale or by retail.

(*c*) To pay to plaintiffs "on all sales made to the trade or dealers a royalty of twenty (20) per cent. of the selling price, and on all tongs sold at retail a royalty of twenty-five (25) per cent. of the selling price."

The claims of the plaintiffs arising under this contract during the first and second years of its existence have been amicably adjusted by the parties, and with them we have no direct concern. The present action deals only with the third year. During this period it is conceded there was practically an entire breach of the first quoted covenant, the defendants having failed to sell any tongs, and as a consequence thereof, to pay any royalty.

In entering judgment for want of a sufficient affidavit of defense the learned trial court below correctly held that the affidavit disclosed no legal defense to the plaintiffs' claim for damages resulting from the breach.  The original affidavit, as well as the supplemental one, consists chiefly in the averment that by a mistake or oversight there was omitted from the agreement sued on a clause or section which would have permitted the defendant to terminate the agreement by complying with certain conditions specified.  The learned court below properly held that inasmuch as the affidavit contained no averment that the defendant had ever undertaken to terminate the agreement in the manner provided for in the clause alleged to have been omitted from the agreement, it was not now relevant to determine whether or not such clause had been mistakenly omitted.  Whether it had been or not, the agreement still remained in full force because the defendant had never availed himself of his alleged right to terminate the contract according to the clause which he now sets up as a part of the agreement.

The duty of construing the written agreement rested on the court.  Having properly determined that the affidavit of defense disclosed no legal justification for the breach alleged in the statement and not denied, the right of the plaintiffs to damages for such breach necessarily followed.

If the agreement itself provided the measure of damages for such breach, the amount of money due to the plaintiffs was fixed by the parties themselves, and there was no question of fact in issue for a jury to try.

Clearly enough, we think, in such a case the plaintiffs' damages would be compensatory.  That is to say, they were entitled to such a sum as would put them as nearly as possible in the same position they would have occupied had the defendant performed his obligation under the agreement. His undertaking to sell at least 2,000 tongs during the third year, the period now under consideration, was flat and unconditional.  The lowest price at which he could have sold the tongs under the schedule was $1.15 per pair or set.  At this rate the selling price of the minimum yearly product

would have been $2,300. This would be on the assumption that all of the tongs were sold to wholesalers. The defendant could have complied with his covenants by selling 2,000 tongs at this lowest rate to wholesalers, and had he done so, the plaintiffs would have no right to complain, although it might be improbable that all of such a number would have been made of the smallest size of pipe specified and sold at the lowest rate mentioned to the preferred class of purchasers. The smallest royalty on the selling price above mentioned, stipulated for in the agreement, would have been twenty per cent. It thus appears, with legal certainty, that if the defendant had performed his covenants, the smallest sum of money that would have been due to the plaintiffs, under a construction of the contract most favorable to the defendant, would have been twenty per cent of $2,300, or $460.

For this amount, and on the theory above indicated, the learned court below entered judgment against the defendant. If the plaintiffs were willing, as they appear to have been, to abide by that judgment, we can see no ground on which the defendant may justly complain. Nor is it apparent what benefit the defendant could have derived from a trial by jury. As already stated, the agreement being in writing, the construction of it became a question of law for the court. In the discharge of that duty we think the court would necessarily have determined, as a matter of law, that the agreement furnished at least a minimum measure of damages. He would have been obliged to say that no evidence, foreshadowed by the affidavit of defense, would have been sufficient to reduce the plaintiffs' claim to less than $460. For these reasons we must conclude that no wrong has been done to the appellant in the judgment that was entered, and the assignments of error are therefore overruled.

Judgment affirmed.